UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,
v.

AE RESTAURANT ENTERPRISES, LLC., d/b/a
Angelo Elia Pizza Bar Tapas (Ft. Lauderdale),
and AE RESTAURANT GROUP, INC. d/b/a
Angelo Elia Group

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Windy Lucius hereby sues Defendant, AE Restaurant Enterprises, LLC., doing business as Angelo Elia Pizza Bar Tapas Ft. Lauderdale restaurant and Defendant, AE Restaurant Group, Inc., doing business as Angelo Elia Group for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff, Windy Lucius ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff

is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.   Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him a window into the world that she would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.   Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.   Defendant, AE Restaurant Enterprises, LLC., (also referenced as "Defendant Restaurant" or collectively with Defendant, AE Restaurant Group, Inc., as "Defendants") is a Florida limited liability company which is the owner and operator of the Angelo Elia Pizza Bar Tapas Ft. Lauderdale restaurant which is located within this district and is open to the public. Defendant Restaurant is defined as a "Public Accommodation" within meaning of Title III because Defendant Restaurant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7. Defendant Restaurant's Angelo Elia Pizza Bar Tapas restaurant (which is the subject of this action) is located at 4215 North Federal Highway, Ft. Lauderdale, Florida 33308 and because it is open to the public it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant's restaurant is referenced herein as "place of public accommodation," "Angelo Elia Ft. Lauderdale (restaurant)," "Angelo Elia Ft. Lauderdale," or "(Ft Lauderdale) restaurant."

8. The Angelo Elia Pizza Bar Tapas restaurant owned by Defendant is a part of a chain of four Angelo Elia restaurants which are located in Florida as follows:

- Angelo Elia Pizza Bar Tapas located at 4215 North Federal Highway, Ft. Lauderdale, Florida 33308, which is owned by the Defendant is the subject of this instant action;

- Angelo Elia Pizza Bar Tapas located at the Country Isles Shopping Center, 1370 Weston Road, Weston, Florida 33326, which is owned by Angelo's Wine Bar Weston, LLC., and which is not a party to this action;

- Angelo Elia Pizza Bar Tapas located at Sawgrass Center, 5920 Coral Ridge Drive, Coral Springs, Florida 33076 which is owned by AE Coral Springs, LLC., and which is not a party to this action.

- Angelo Elia Pizza Bar Tapas located at 16950 Jog Road, Delray Beach, Florida 33446 which is owned by AE Addison PL, LLC., and which is not a party to this action.

On information and belief, all of the Angelo Elia Pizza Bar Tapas restaurants are owned by related entities.

9. Defendant, AE Restaurant Group, Inc. is a Florida for profit corporation that, on information and belief, is also known as Angelo Elia Group. On information and belief, the Angelo

Elia Pizza Bar Tapas restaurants are managed through oversight of the Angelo Elia Group. AE Restaurant Group, Inc., is referenced throughout this action as "Defendant AE Group" or collectively with Defendant Restaurant as "Defendants."

10. Subsequent to the effective date of the ADA, Defendant AE Group constructed, or caused to be constructed, the https://www.angeloelia.com mobile website (hereinafter "mobile website") for the benefit and use of all Angelo Elia Pizza Bar Tapas restaurants with the intent that the general public access the https://www.angeloelia.com mobile website on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Defendant Restaurant's Ft. Lauderdale restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons of Angelo Elia Pizza Bar Tapas restaurant physical locations, and with particularity, the Angelo Elia Ft. Lauderdale restaurant.

11. The mobile website is offered by Defendants as a way for the public to become familiar with the Angelo Elia Pizza Bar Tapas restaurant menu selections, hours of operation, and all four restaurant locations (including the Angelo Elia Ft. Lauderdale restaurant location). The mobile website provides a link to reserve a table for dining within each restaurant location, allows the public to inquire and book special/private events, and provides other information Defendants seek to communicate to the public. The mobile website also links to Angelo Elia Pizza Bar Tapas Twitter, Facebook and Instagram pages and allows the public to purchase gift cards online for use at Angelo Elia restaurant locations (including the Angelo Elia Ft. Lauderdale location) and has a feature to check the gift card balance online. The general public can also contact the restaurant through the mobile website and sign up for their "Exclusive News" newsletter. By the provision of menu selection, reservation services, and the ability to purchase gift cards online, the mobile

website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§36.104 (2) & (5).

12. As the owner of the mobile website, which is a Place of Public Accommodation, Defendant AE Group is additionally defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§36.104 (2) & (5).

13. The https://www.angeloelia.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from Angelo Elia Pizza Bar Tapas restaurants, including Defendant Restaurant's Ft. Lauderdale restaurant. As a result, the mobile website must interact with Angelo Elia Pizza Bar Tapas restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

14. The mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

visually impaired individuals.

15. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://www.angeloelia.com mobile website to test whether she can comprehend Angelo Elia Pizza Bar Tapas restaurant menu selections, to make reservations to dine in the Angelo Elia Ft. Lauderdale restaurant, inquire/book private dining events, and to purchase gift cards online. However, unless Defendants are required to eliminate the access barriers and change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and will be deterred from fully using the mobile website and/or dining at the Angelo Elia Ft. Lauderdale restaurant which is located within this district.

16. Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

17. Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to the https://www.angeloelia.com mobile website as barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

18. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practice.

19. Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney

*Lucius v. AE Restaurant Enterprises et al*
*Complaint*

Cunningham, PLLC., and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA requires that Public Accommodations (and Places of Public Accommodation) ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

22. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

23. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

24. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

25. The https://www.angeloelia.com mobile website has been designed to integrate with Angelo Elia Pizza Bar Tapas restaurants through provision of a reservation service as well as to inquire and book special/private events and to purchase gift cards online; therefore, the mobile

website is an extension of Angelo Elia Pizza Bar Tapas restaurants, and specifically, the Angelo Elia Ft. Lauderdale restaurant. By and through the mobile website, Defendants have specifically extended Angelo Elia Pizza Bar Tapas restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Angelo Elia Pizza Bar Tapas restaurants and is integrated with, and is a nexus to Defendant Restaurant's Angelo Elia Ft. Lauderdale restaurant. Therefore, it is governed by the following provisions:

    a.    U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b.    42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

    d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such

individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or

accommodation being offered or would result in an undue burden[.]"

26. Plaintiff attempted but was unable to access and/or utilize the mobile website https://www.angeloelia.com. Plaintiff continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.1.1 Non-Text Content is violated. Text alternatives for non-text content must be provided, and this is not the case. Promotional images, such as the *Half off wine Monday* image, are not announced.

ii. Guideline 1.3.1 Info and Relationships is violated. The *Reserve* button at the bottom of the homepage opens a dialog when pressed, but the button is not labeled properly. Mobile VoiceOver screen reader software users hear the announcement as only text so they are not aware that this *Reserve* button is in fact a button.

iii. Guideline 1.3.3 Sensory Characteristics is violated. The *Select a Location* combo box is announced as only "all" although visual cues are present, so mobile VoiceOver screen reader software users are unaware that this is a button.

iv. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. For example, the *Delray Beach* menu page only shows the drink menu. A mobile VoiceOver screen reader software user can access all of the menu content by downloading the PDF but the content is not accessible due to the focus order. For example, after multiple unlabeled images are announced, then only the dish description for the "Charcuterie board" is announced. The dish name and price are skipped. Focus then moves to the *Pizza* section and the description for the "Classic Margherita" pizza is announced.

v. Guideline 2.4.4 Link purpose (in context) is violated. For example, the *Dollar Oyster Day* link takes mobile VoiceOver screen reader software users to a page which contains the specifics for this promotion (such as the days and hours of this special), however the link is not announced so mobile VoiceOver screen reader software users will not become aware of this special and cannot access the details page.

vi. Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and the mobile website fails to do so with reference to the *Pizza* link, *Bar* link and *Tapas* link. The *Pizza* link is announced, but focus moves to hidden links when a mobile VoiceOver screen reader software user presses the *Pizza* link. Further, an

announcement is not made nor does an action occur when a mobile VoiceOver screen reader software user clicks the *Bar* link and/or the *Tapas* link.

27. As the owner and/or operator and/or beneficiary of the Angelo Elia Pizza Bar Tapas restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within the Angelo Elia Ft. Lauderdale restaurant, the ability to order food online for delivery, and the ability to purchase gift cards online.

28. In this instant case, the https://www.angeloelia.com mobile website reservation platform is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor's platform does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

29. With respect to the https://www.angeloelia.com mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software

utilized by visually impaired individuals (as specifically delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. These violations have resulted in Defendants' joint and several denials of accommodation to Plaintiff in the basis of her disability:

    a.    by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

    b.    in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

    c.    in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    d.    by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

    e.    by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

    f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

    30.    Plaintiff is continuously aware of the violations within the mobile website https://www.angeloelia.com and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

    31.    Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://www.angeloelia.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the

general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

32. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

33. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the https://www.angeloelia.com mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant when she visits the website to test for compliance with the ADA. Plaintiff desires to access the mobile website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this mobile website is in compliance with the ADA so that Plaintiff will have full and equal enjoyment of the mobile website without fear of discrimination.

34. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://www.angeloelia.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff, Windy Lucius hereby demands judgment against Defendant, AE Restaurant Enterprises, LLC., and Defendant, AE Restaurant Group, Inc., and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website https://www.angeloelia.com is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain the https://www.angeloelia.com mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendants to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the https://www.angeloelia.com mobile website for purposes of comprehending Angelo Elia Pizza Bar Tapas (Ft Lauderdale) menu selections, ordering/paying for gift cards online, making reservations, and inquiring about booking private events online, and during that time period prior to the mobile website being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for

*Lucius v. AE Restaurant Enterprises et al*
*Complaint*

      individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e.      The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f.      The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.      The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.      The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted this October 6, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*